FILED
United States Court of Appeals
Tenth Circuit

December 14, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ISIDRO SILERIO-NUNEZ,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 08-9556
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Isidro Silerio-Nunez petitions for review of an order of the Board of

Immigration Appeals (BIA), in which the BIA affirmed the Immigration Judge's

(IJ) decision denying petitioner's motion to reopen. The IJ and the BIA both

concluded that they lacked jurisdiction to reopen petitioner's removal proceedings

because of the post-departure bar in 8 C.F.R. § 1003.23(b)(1), which prohibits

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

review of motions to reopen removal proceedings once an alien has departed the United States. Before us, petitioner seeks to overcome this result by challenging the validity of § 1003.23(b)(1). We recently addressed a materially identical challenge to the post-departure bar, however, and concluded that the regulation was valid. *See Rosillo-Puga v. Holder*, 580 F.3d 1147, 1156-57 (10th Cir. 2009). Our precedent thus compels us to deny this petition for review.

\* \* \*

Petitioner was a lawful permanent resident when he was convicted in Idaho of the felony offense of driving under the influence (DUI) and sentenced to three years in prison. In November 2000, an IJ found him removable as an alien convicted of an aggravated felony and ordered him removed to Mexico. These removal proceedings took place in Denver, Colorado, within the Tenth Circuit. Petitioner waived his right to appeal the IJ's decision. He departed the United States shortly after the removal order, but he then returned to this country eleven days later by presenting his old permanent resident card.

In February 2005, new removal proceedings were initiated against petitioner, this time charging him as removable for having re-entered the United States by fraud or willful misrepresentation and without a valid entry document. These second removal proceedings took place in Kansas City, Missouri, within the Eighth Circuit.

-2-

During the pendency of the second removal proceedings, petitioner filed a motion to reopen his original removal with the IJ in Denver, Colorado. He did so in order to seek the retroactive application of the Supreme Court's decision in *Leocal v. Ashcroft*, 543 U.S. 1 (2004). In *Leocal*, the Court determined that a DUI was not a crime of violence and therefore could not be considered an aggravated felony under the Immigration and Nationality Act. *Id.* at 4-6. The IJ in Denver denied the motion, concluding that 8 C.F.R. § 1003.23(b)(1) precluded him from exercising jurisdiction to reopen or reconsider proceedings after petitioner's departure from the United States pursuant to a final order of removal. Petitioner appealed this decision to the BIA, and the BIA affirmed the IJ's order. Petitioner then sought review in this court, given that the locus of his original removal proceeding was within this circuit. Meanwhile, the IJ in Kansas City in the second removal proceedings found petitioner removable as charged. Petitioner has filed a separate appeal in the Eighth Circuit challenging the BIA's decision affirming the second removal order issued by the IJ in Kansas City.

After petitioner filed his brief in this court seeking review of the BIA's decision not to reopen his original removal proceeding, we issued an opinion in *Rosillo-Puga*, which appeared to address and foreclose many of petitioner's arguments. In an abundance of caution, we asked the parties to submit supplemental briefs addressing the impact of *Rosillo-Puga* on this case. Those briefs have been filed and this case is now ready for disposition.

-3-

* * *

Before us, petitioner argues that § 1003.23(b)(1) is invalid because it directly conflicts with 8 U.S.C. §§ 1229a(c)(6)(A) and (7)(A). Alternatively, petitioner asserts that, even if § 1003.23(b)(1) does not directly conflict with 8 U.S.C. §§ 1229a(c)(6)(A) and (7)(A), the regulation is an arbitrary and capricious interpretation of the statute. Finally, petitioner argues that the post-departure bar did not apply to him because he is not presently the subject of removal proceedings.

Each of these contentions was addressed and expressly rejected in *Rosillo-Puga*. In that case, we held that § 1003.23(b)(1) does not contravene 8 U.S.C. §§ 1229a(c)(6)(A) or (7)(A). *See Rosillo-Puga*, 580 F.3d at 1156-57. We held that the agency's regulation is valid under the statute. *Id*. And we rejected the notion that the post-departure bar did not apply to the petitioner in that case because he was not presently "in" removal proceedings. *See id*. at 1158-59.

Petitioner asserts that his case is factually distinguishable from *Rosillo-Puga* and that the Supreme Court's discussion in *Dada v. Mukasey*, 128 S. Ct. 2307, 2317 (2008), "implies that *Rosillo-Puga* is at least partially incorrect in its holding." Pet'r Supp. Brief. at 13. We can, however, discern no factual distinction between this case and *Rosillo-Puga* that could make any material difference to the proper legal analysis and outcome of this petition for review.

-4-

Neither the Supreme Court, nor this court sitting *en banc*, has overturned *Rosillo-Puga*, and "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993).

Separately but relatedly, petitioner argues that due process requires that he be given a post-departure hearing because his removal in November 2000 was unlawful. He asserts that he had not actually been convicted of an aggravated felony, which was the sole basis for his removal. This argument is premised on the Supreme Court's decision in *Leocal* in 2004, which explained that a felony DUI did not constitute an aggravated felony for removal purposes. *See* 543 U.S. at 4-6.

The problem here, again, is that petitioner's argument is foreclosed by our precedent. Rosillo-Puga, like the petitioner here, argued that due process mandated a post-departure hearing because a court had later clarified that his battery conviction, which was the basis for his removal, was not an aggravated felony. *See Rosillo-Puga*, 580 F.3d at 1149, 1160. In rejecting this argument, we explained:

> It is well-established that aliens are entitled to due process in deportation proceedings. In this context, due process requires that the alien receive notice of the charges against him, and a fair opportunity to be heard before an executive or administrative tribunal. Rosillo-Puga received due process in his deportation proceedings. At the time of his removal, he had been convicted of a crime that warranted his removal. He received all appropriate process before the immigration authorities,

he did not seek relief from the removal order, and he waived his right to appeal the removal order. He made no attempt to alter the status of his conviction before he left the country. Now, Rosillo-Puga attempts to reopen proceedings that ended roughly five years ago, and five years following his departure. Due process does not require continuous opportunities to attack executed removal orders years beyond an alien's departure from the country. Indeed, there is a strong public interest in bringing finality to the deportation process.

*Id*. at 1160 (quotations and citations omitted). We can discern no basis in law to reach a different result in this case. Under the binding precedent of this court, petitioner has received all of the due process to which he is entitled.

\* \* \*

The petition for review is denied. The government's "Motion to Dismiss or, in the Alternative, to Transfer Petition for Review" is also denied.

Entered for the Court


Neil M. Gorsuch
Circuit Judge