# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2701

_____

| | | |
|---|---|---|
| Isidro Silerio-Nunez, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review |
| | * | Board of Immigration Appeals |
| Eric H. Holder, Jr., Attorney General | * | |
| of the United States; Janet Napolitano, | * | [UNPUBLISHED] |
| Secretary of the Department of | * | |
| Homeland Security, | * | |
| | * | |
| Respondents. | * | |

_____

Submitted: May 20, 2010
Filed: May 25, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Isidro Silerio-Nunez, a native of Mexico, petitions for review of a July 2008 order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) decision finding petitioner removable for being inadmissible at the time of his reentry into the United States. We deny the petition.

In November 2000, an IJ found that petitioner, a lawful permanent resident (LPR), was removable based on his commission of an aggravated felony. Pursuant

to the IJ's final order, which rescinded petitioner's LPR status, petitioner was removed to Mexico.  Less than two weeks later, petitioner returned to the United States presenting his LPR identification card to immigration authorities to gain admission. We conclude that substantial evidence supports the BIA's decision.  See 8 U.S.C. § 1182(a)(6)(C)(i) (inadmissibility based on fraud or willful misrepresentation of material fact to gain admission), § 1182(a)(7)(A)(i)(I) (inadmissibility for failure to have valid immigration document), § 1256(a) (IJ's order of removal rescinds alien's status); Escudero-Corona v. INS, 244 F.3d 608, 612 (8th Cir. 2001) (standard of review).  Petitioner's challenge to his 2000 removal order is foreclosed by Silerio-Nunez v. Holder, 356 Fed. Appx. 151 (10th Cir. 2009) (unpublished order).

Accordingly, we deny the petition for review.

_____